[PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-10298

_____

DONNIE HOLLAND,
a citizen and resident of North Carolina,

Plaintiff-Appellant,

*versus*

CARNIVAL CORPORATION,
a Panamanian Corporation,
d.b.a. Carnival Cruise Lines,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-21789-RNS

———————————

Before WILSON, LUCK, and LAGOA, Circuit Judges.

LAGOA, Circuit Judge:

Donnie Holland appeals the district court's dismissal of his amended complaint against Carnival Corporation for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Holland contends that the district court erred in finding that his amended complaint failed to allege sufficient facts in support of his negligence claims to show that Carnival was on notice of the alleged hazard. After careful review and with the benefit of oral argument, we conclude that the district court's dismissal was proper and affirm.

## I.     FACTUAL AND PROCEDURAL BACKGROUND[1]

Carnival, a Panamanian corporation with its principal place of business in Miami, Florida, operates a number of cruise ships, including the *Horizon*. Holland, a passenger onboard the *Horizon*, "was descending the glass stairs from Deck 5 to Deck 4[,] when he slipped on a wet or slippery transient foreign substance." As a result, Holland "sustained serious injuries, including a complete

---

[1] Because the procedural posture of this case involves a Federal Rule of Civil Procedure 12(b)(6) motion, we must accept the allegations of plaintiff's complaint as true and construe them in the light most favorable to the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012). The facts set forth in this section of the opinion therefore are taken from the complaint and construed in the light most favorable to the plaintiff.

rupture of the right knee patella tendon and an avulsion fracture of the tibial tubercle necessitating open surgical repair and extensive physical therapy."

Holland filed an action against Carnival in the Southern District of Florida.  In his amended complaint, Holland alleged that Carnival "had actual and/or constructive notice of the dangerous condition" he slipped on, i.e., the "wet or slippery transient foreign substance" on the glass staircase.  He alleged that the glass staircase was "one of the most highly trafficked areas of the ship," as it was "flanked by shops on either side staffed by dozens of crewmembers" and opened up to a casino and approximately six different bars and dining areas.  Holland also alleged that "[s]everal hundred passengers and crewmembers traverse[d]" the glass stairway "every day, many of whom are carrying drinks," that the "[c]rewmembers in the surrounding shops have a clear unobstructed view of the staircase," and that there were "frequently spills on the staircase," which Carnival was "aware of due to the frequent nature of prior slip and fall incidents on this staircase." And Holland alleged that, at the time of his fall, "the surrounding shops were staffed with crewmembers who had been present in their shops for approximately four hours of more," meaning that Carnival "knew or should have known that the particular wet, foreign or transitory substance upon which [he] fell was present prior to [him] falling."  Holland also claimed that various safety agencies had "developed safety standards applicable to [the] staircase [at

issue]," which "in and of themselves constitute[d] constructive notice that conditions in violation of th[ose] standards are hazardous."

Holland's amended complaint asserted two negligence claims against Carnival: (1) vicarious liability for negligent maintenance; and (2) vicarious liability for negligent failure to warn of a hazard. As to the negligent maintenance claim, Holland alleged that Carnival had actual or constructive knowledge of the hazardous condition and that its crewmembers failed to "conduct sufficient routine inspections of the area," to "maintain the glass stairs in a reasonably safe condition," and to "properly clean and dry the glass stairs." As to the negligent failure to warn claim, Holland asserted that Carnival had actual or constructive knowledge of the dangerous condition and that its crewmembers failed to adequately warn Holland of the condition before he fell "by appropriate signs, markings, written or oral warnings, or otherwise."

Carnival filed a motion to dismiss pursuant to Rule 12(b)(6), arguing that Holland failed to raise a plausible negligence claim because he "fail[ed] to allege adequate evidence that Carnival had actual or constructive notice of a risk creating condition." Carnival further argued that Holland's mere conclusory allegations as to whether Carnival was or should have been aware of the specific, alleged hazard were insufficient to impute notice to it. Holland opposed Carnival's motion.

The district court granted Carnival's motion to dismiss. The district court found that Holland "failed to allege that Carnival was on either actual or constructive notice of the hazard in question"

and thus failed to satisfy the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The district court found that Holland failed to provide any facts in support of his bare allegation that there were frequent, prior slip and fall incidents on the specific glass staircase, such that this allegation failed to establish constructive notice. The district court also found that Holland's allegation that the glass staircase was highly trafficked failed because that allegation did not support a conclusion that Carnival should have known of the alleged condition at the time of Holland's injury. The district court explained that the totality of Holland's allegations was that certain Carnival employees "may have been in a position to see that there was a liquid on the stairs in question," which were in a high traffic area of the ship, but that "it [was] impossible . . . to tell if the hazardous condition . . . complain[ed] of was present for five second[s], five minutes, or five hours." Therefore, while the amended complaint made clear it was "*possible* that Carnival was on notice," it did "not state a claim that [was] *plausible* on its face sufficient to survive a motion to dismiss." And the district court rejected Holland's argument that certain safety regulations ipso facto established constructive notice. Accordingly, because Holland failed to allege that Carnival was on actual or constructive notice of the "wet or slippery transient foreign substance," the district court dismissed Holland's amended complaint. This appeal ensued.

## II.    STANDARD OF REVIEW

"We review *de novo* the district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting the complaint's allegations as true and construing them in the light most favorable to the plaintiff." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012) (quoting *Cinotto v. Delta Air Lines Inc.*, 674 F.3d 1285, 1291 (11th Cir. 2012)).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

## III.    ANALYSIS

On appeal, Holland argues that the district court erred in dismissing his negligence claims against Carnival for failure to state a plausible claim—specifically, that Holland failed to plausibly allege that Carnival had actual or constructive notice of the alleged hazardous condition.  We disagree.

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  This pleading standard requires that a plaintiff allege "enough facts to state a claim to relief that is plausible on its face," i.e., facts that will "nudge[] [a plaintiff's] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

While "[t]he plausibility standard is not akin to a 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This analysis is not formulaic; instead, "[d]etermining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense" in reviewing the plaintiff's allegations. *Id.* at 679. Additionally, "[t]hreadbare recitals of the elements of a cause of action" and "conclusory statements" are insufficient. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). To that end, we have counseled that the first step in evaluating a motion to dismiss is to "eliminate any allegations in the complaint that are merely legal conclusions." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010); *accord Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" (quoting *Twombly*, 550 U.S. at 557)).

"Maritime law governs actions arising from alleged torts committed aboard a ship sailing in navigable waters," and we "rely on general principles of negligence law" in analyzing those actions. *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (quoting *Chaparro*, 693 F.3d at 1336). General principles of negligence law, as applied in the maritime context, recognize a claim

based on a shipowner's direct liability for its own negligence or a claim based on a shipowner's vicarious liability for another's negligence. Direct liability and vicarious liability are very different concepts, and as discussed below, Holland has improperly tried to blend them into a single theory of liability against Carnival.

The elements of a negligence claim based on a shipowner's direct liability for its own negligence are well settled: "a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1253 (11th Cir. 2014) (quoting *Chaparro*, 693 F.3d at 1336). "With respect to the duty element in a maritime context, 'a shipowner owes the duty of exercising reasonable care towards those lawfully aboard the vessel who are not members of the crew.'" *Guevara*, 920 F.3d at 720 (quoting *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959)). "This standard 'requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of [a] risk-creating condition, at least where, as here, the menace is one commonly encountered on land and not clearly linked to nautical adventure.'" *Id.* (alteration in original) (quoting *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989)); *see also Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984) (explaining that a shipowner "is not liable to passengers as an insurer, but only for its negligence"). Thus, a shipowner's

actual or constructive knowledge of the hazardous condition arises as part of the duty element in a claim seeking to hold the shipowner directly liable for its own negligence.

In contrast, a shipowner's duty to a plaintiff is not relevant to a claim based on vicarious liability. When the tortfeasor is an employee, the principle of vicarious liability allows "an otherwise non-faulty employer" to be held liable "for the negligent acts of [that] employee acting within the scope of employment." *Langfitt v. Fed. Marine Terminals, Inc.*, 647 F.3d 1116, 1121 (11th Cir. 2011) (citation omitted). In other words, liability for the agent's negligence is legally imputed to the non-negligent principal. *See Meyer v. Holley*, 537 U.S. 280, 285–86 (2003) ("The principal is liable for the acts and negligence of the agent in the course of his employment, although he did not authorize or did not know of the acts complained of." (quoting parenthetically *New Orleans, M. & C.R. Co. v. Hanning*, 82 U.S. 649, 657 (1872))).

In his amended complaint, Holland denominated each count as a claim for vicarious liability and alleged in each count that Carnival "was vicariously liable for any negligence or failure to exercise reasonable care by its crewmembers" to maintain a hazard-free stairway or to warn of any hazardous condition on the stairway. But other than the claims' titles and the conclusory allegation asserting that Carnival was vicariously liable, there is nothing in Holland's complaint that would lead one to understand his claims as seeking to impose liability on an otherwise nonfaulty Carnival for an employee's negligence. First, Holland did not identify any

specific crewmember whose negligence caused Holland's injury, much less a specific crewmember whose negligence occurred while acting within the scope of his employment—essential parts of any claim seeking to impose vicarious liability on an employer for an employee's negligence. *See Langfitt*, 647 F.3d at 1121. Second, in each count, Holland alleged that Carnival owed him, "as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for his safety," and that Carnival "had actual and/or constructive notice of the dangerous condition" on the glass staircase. Neither of those allegations is relevant to a claim based on vicarious liability, but both are relevant to a claim based on Carnival's direct liability for its own negligence. Finally, both before the district court and on appeal before this Court, Holland focused his argument on the sufficiency of his allegations regarding Carnival's actual or constructive notice of the allegedly dangerous condition on the staircase—allegations only relevant to the duty element of a claim seeking to hold Carnival directly liable for its own negligence.

It is thus apparent that, despite what he has called his claims, Holland seeks to hold Carnival directly liable for its own negligence and not vicariously liable for a specific employee's negligence. Under a theory of direct liability, in order to survive Carnival's motion to dismiss, Holland had to plead sufficient facts to support each element of his claim, including that Carnival had actual or constructive notice about the dangerous condition.

Actual notice exists when the defendant knows about the dangerous condition. *See Keefe*, 867 F.2d at 1322; *Guevara*, 920 F.3d at 720. Constructive notice exists where "the shipowner ought to have known of the peril to its passengers, the hazard having been present for a period of time so lengthy as to invite corrective measures." *Keefe*, 867 F.2d at 1322. A plaintiff can establish constructive notice by alleging "that the 'defective condition exist[ed] for a sufficient period of time to invite corrective measures.'" *Guevara*, 920 F.3d at 720 (alteration in original) (quoting *Monteleone v. Bahama Cruise Line, Inc.*, 838 F.2d 63, 65 (2d Cir. 1988)). A plaintiff can also establish constructive notice by alleging "substantially similar incidents in which 'conditions substantially similar to the occurrence in question must have caused the prior accident.'" *Id.* (quoting *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661–62 (11th Cir. 1988)). On appeal, Holland relies only on constructive notice and has abandoned any argument as to actual notice. We therefore will focus our analysis on whether Holland alleged a facially plausible claim that Carnival "ought to have known of" the hazardous wet or slippery surface that caused him to slip. *See Keefe*, 867 F.2d at 1322.

Turning to Holland's amended complaint, and accepting his allegations as true, we conclude that Holland failed to include factual allegations that plausibly suggest Carnival had constructive notice of the dangerous condition. Therefore, Holland has failed to satisfy the pleading standard set forth in *Iqbal* and *Twombly*. Rather, Holland's amended complaint contains only conclusory

allegations as to constructive notice.  For example, Holland only set forth the following factual allegations as to notice.  The glass staircase, on which Holland slipped and fell due to a hazardous substance, was in a highly trafficked area of the *Horizon*.  Several hundred passengers and crewmembers traversed the staircase every day, many of whom carried drinks.  Crewmembers working in shops surrounding the staircase had "a clear unobstructed view of the staircase," and there were "frequently spills on the staircase," which Holland contended Carnival was "aware of due to the frequent nature of prior slip and fall incidents on this staircase."  Thus, those crewmembers "can see spills as they happen and can see foreign substances left on the staircase by spills," and at the time of Holland's fall, "the surrounding shops were staffed with crewmembers who had been present in their shops for approximately four hours or more."  Finally, Holland alleged that safety agencies had "developed safety standards applicable to this staircase."  In sum, Holland alleged that the hazard occurred on a highly trafficked staircase that was potentially visible to many crewmembers and was subject to the regulation of safety agencies.

But while Holland alleges facts that establish the *possibility* that Carnival had constructive notice of the hazardous substance on the staircase as to invite corrective measures, a claim only has facial *plausibility* when the plaintiff's allegations allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678.  As to constructive notice, Holland was required to plausibly allege that either (1) the

hazardous substance existed on the staircase for a sufficient length of time, *see Keefe*, 867 F.2d at 1322, or (2) substantially similar incidents occurred in which "conditions substantially similar to the occurrence in question must have caused the prior accident," *Guevara*, 920 F.3d at 720 (quoting *Jones*, 861 F.2d at 661–62).

As to whether there were substantially similar incidents, Holland's conclusory allegations that "[t]here are frequently spills on the staircase" and "prior slip and fall incidents on this staircase" are insufficient. *See Iqbal*, 556 U.S. at 678 ("[C]onclusory statements[] do not suffice."); *see also Am. Dental Ass'n*, 605 F.3d at 1293–94. And Holland has not alleged any facts concerning a substantially similar incident to the one at issue. Therefore, Holland has not plausibly alleged that Carnival had constructive knowledge based on a substantially similar incident.

As to the length of time the alleged hazardous substance was on the staircase, we conclude that the inferential leap from Holland's premise—that the staircase is highly visible and well-trodden—to his conclusion—that the hazard existed for a sufficient length of time—is too great. Indeed, Holland's amended complaint lacks any allegation as to how long the "wet or slippery transient foreign substance" existed on the glass staircase. Nor does the amended complaint allege any factual allegations describing that substance in a way that would suggest it existed on the staircase for a sufficient period of time such that Carnival should have been aware of it or that would tend to show that the liquid was on the staircase for an amount of time sufficient to impute constructive

notice to Carnival. And the amount of time that the hazard existed is a key factor for a plaintiff, such as Holland, to establish that a defendant such as Carnival had constructive notice of the hazard.

Furthermore, while Holland alleges that there were crew-members in the surrounding shops, he does not allege that there were any crewmembers in the immediate area of the glass staircase that could have observed or warned him of the hazard. Simply put, Holland's allegations do not cross the line from possibility to plausibility of entitlement to relief. *See Iqbal*, 556 U.S. at 678.

Finally, we conclude that Holland's reliance on this Court's decision in *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164 (11th Cir. 2021) is misplaced. In *Yusko*, the cruise ship's employee—a professional dancer—was partnered with the plaintiff in a dance competition during a cruise. *Id.* at 1166. During their performance, the cruise ship's employee released the plaintiff's hands as she leaned away during a dance move, causing her to fall and hit her head on the deck. *Id.* In analyzing the plaintiff's negligence claim, which was brought under a theory of vicarious liability, we held that "a passenger need not establish that a shipowner had actual or constructive notice of a risk-creating condition to hold a shipowner liable for the negligent acts of its employees." *Id.* at 1170. But *Yusko* also reaffirmed that where, as here, a plaintiff is relying on a theory of direct liability "to hold a shipowner liable for maintaining dangerous premises" or "for failing to warn of dangerous conditions," the plaintiff must establish notice to the shipowner as a part of those claims. *See id.* Indeed, we cited with approval both *Keefe*

and our decision in *Everett v. Carnival Cruise Lines*, 912 F.2d 1355 (11th Cir. 1990), in which we held that "for the passenger's negligence claim to succeed, the shipowner must 'have had actual or constructive notice of the risk-creating condition.'" *Yusko*, 4 F.4th at 1168 (quoting *Everett*, 912 F.2d at 1358).

And although we stated in *Yusko* that a plaintiff "may choose to proceed under a theory of direct liability, vicarious liability, or both," we noted that "common sense suggests that there will be just as many occasions where passengers are limited to a theory of direct liability" and that "[s]ometimes, as in *Keefe*, a passenger will not be able to identify any specific employee whose negligence caused her injury." *Id.* at 1170. This case is exactly the type of case described in *Yusko* where a passenger is limited to a theory of direct liability. Unlike the plaintiff in *Yusko*, Holland has not identified any specific Carnival employee's negligent action that caused his fall. And nothing in *Yusko* suggests that Holland can avoid pleading the elements necessary to allege Carnival's direct liability for negligent maintenance and failure to warn by titling his claims as claims for vicarious liability and asserting in a conclusory allegation that Carnival was vicariously liable for any negligent action by any of its crewmembers. We thus conclude that this case is like our decisions in *Keefe* and *Everett*, and we decline to apply and extend *Yusko* here. We therefore hold that Holland has failed to state plausible claims of negligence against Carnival.

## IV.    CONCLUSION

For the reasons stated, we affirm the district court's dismissal of Holland's amended complaint for failure to state a claim.

**AFFIRMED.**