[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10762

Non-Argument Calendar

_____

BRENDA LEE THOMAS,

Plaintiff-Appellant,

*versus*

CLAYTON COUNTY BOARD OF COMMISSIONERS,
VICTOR HILL,
Sheriff of Clayton County, GA, in his official and individual capacities,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-04553-MHC

_____

Before JORDAN, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Brenda Lee Thomas, proceeding pro se (as she did before the district court), appeals the district court's orders dismissing her claims against the Clayton County Board of Commissioners and Sheriff Victor Hill.  After careful review, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

Thomas worked as a clerk at the Clayton County Jail.  In December 2017, Sheriff Hill notified all Sheriff's Office employees—including those at the jail—that work schedules would be changing from twelve- to eight-hour shifts.  Major Keith McLaughlin, the jail's administrator, indicated that clerks could bid on new shift assignments starting February 10.  And Sheriff Hill said new shift assignments would be "based . . . mainly on seniority."

---

[1] The facts—which we take as true and construe in the light most favorable to Thomas—come from the first amended complaint and its attachments.  *See Henley v. Payne*, 945 F.3d 1320, 1327 (11th Cir. 2019); *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016).

By then, Thomas was the second most senior clerical employee—she started working for the jail in 2000—but she wasn't given the opportunity to bid for her new shift. Instead, on January 25, Thomas was told she was assigned to the night shift (10:00 p.m. to 6:00 a.m.). In contrast, younger jail employees with less seniority were able to bid for the shift of their choice.

Sheriff Hill later asserted, in response to Thomas's eventual EEOC charge, that he assigned her to the night shift because three hallway interactions—two in which Thomas "rolled her eyes and 'sucked her teeth'" at him, and a third in which she "huffed" and mocked his height under her breath—led him to believe she lacked the attitude and customer service skills required to interact with the public. At the time, however, Thomas was told only that "[t]he directive came from Ass[istant] Chief Southerland through Major McLaughlin," with "[n]o explanation . . . given." Because nobody could provide a reason why Thomas was treated differently, on February 22, she filed a grievance with the board of county commissioners. She complained that she was "singled out" during the change to eight-hour shifts and asked to be "[t]reated fairly and placed on a[] 6am–2pm shift based on [her] seniority."

Thomas alleged that, from then on, she "suffered continuous harassment from her immediate chain of command on a day to day basis," resulting in a "toxic and hostile work environment." And so, a week later, she filed an EEOC charge contending that her employer—identified as the Clayton County Sheriff Department—had discriminated against her based on her age.

After Thomas's EEOC charge, the board "refused to entertain" her grievance, the "toxic work environment" worsened, and Sheriff Hill directed Thomas's supervisors to treat her harshly and "find or create a reason" to fire her. Then, on July 31, 2018, Thomas was fired. Her termination notice and accompanying disciplinary action form listed, as reasons for the separation, violations of three rules and regulations: (1) "#7.08 Personal Telephone Required"; (2) "#7.27 Promote Harmony"; and (3) "General Order #2017-01(7) Toxic Leadership/Employee Policy (modified)." That same day, the sheriff issued a criminal trespass warning that barred Thomas from entering the sheriff's office or Clayton County Courthouse without a pre-arranged appointment.

Thomas appealed her termination to the board. In September 2018, she also filed an amended EEOC charge, asserting both age discrimination and retaliation. Finally, in November 2020, Thomas sued the board and Sheriff Hill, in both his individual and official capacities. Her complaint asserted discrimination claims under Title VII, the Americans with Disabilities Act, and the Genetic Information Nondiscrimination Act; discrimination and retaliation claims under the Age Discrimination in Employment Act; and a claim under 42 U.S.C. section 1983. She alleged that she was treated differently during the shift-change process, then harassed and ultimately fired because she complained to the board and the EEOC about the unfair treatment.

Because Thomas was proceeding in forma pauperis, the magistrate judge reviewed her complaint sua sponte pursuant to

28 U.S.C. section 1915(e)(2)(B). In a non-final report, the magistrate judge recommended dismissal without prejudice of Thomas's non-Age Discrimination in Employment Act claims for failure to state a claim under section 1915(e)(2)(B)(ii). The magistrate judge also recommended that Thomas's section 1983 claim be dismissed as time-barred. But the magistrate judge concluded that Thomas had pleaded arguable Age Discrimination in Employment Act discrimination and retaliation claims because she alleged that she was over forty years old, wasn't permitted to bid for her new shift like her younger coworkers, and was harassed and then fired after complaining about the disparate shift-change treatment.

The magistrate judge advised Thomas that she could file objections within fourteen days—and that if she failed to do so, she would forfeit her right to challenge on appeal any unobjected-to factual findings and legal conclusions (other than for plain error review). After Thomas didn't file objections, the district court adopted the report and recommendation and dismissed without prejudice Thomas's non-Age Discrimination in Employment Act claims.

After Thomas's complaint was served on the defendants, they moved jointly to dismiss for failure to state a claim. The magistrate judge issued a final report recommending that the district court grant the defendants' motion and dismiss Thomas's remaining claims with prejudice because neither of the defendants was subject to suit in federal court under the Age Discrimination in Employment Act. The magistrate judge found that, even though

Thomas's termination notice listed the board as her employer, the sheriff was Thomas's employer because he had exclusive authority under Georgia law to make personnel decisions impacting her—and so her claims against the board failed as a matter of law. The magistrate judge also concluded that the Act permitted only employer, not individual, liability—so Thomas's individual capacity claim against the sheriff failed as a matter of law too. And the magistrate judge found that Sheriff Hill, in his official capacity, was entitled to Eleventh Amendment immunity from suit in federal court because he acted as an arm of the state when making personnel decisions.

The magistrate judge alternatively found that Thomas had failed to state a claim under the Act because she had alleged insufficient facts showing that her change in shift was an adverse employment action or supporting a causal connection between her discrimination complaints and her firing. Finally, the magistrate judge concluded that Thomas's claims should be dismissed with prejudice because amendment would be futile. The magistrate judge again advised Thomas of her right to file objections, the deadline, and the consequences for failing to do so.

Thomas filed the following objections: (1) the magistrate judge (in both this report and recommendation and the previous, non-final one) "paint[ed] the plaintiff as not being truthful" and misapplied the motion to dismiss standard by not taking her allegations as "totally true"; (2) her W2s (which were neither attached to nor referenced in her complaint) demonstrated that the board was

her employer; (3) the magistrate judge erred in concluding that neither the board nor the sheriff was her employer; (4) because federal courts are bound by state law, she should be permitted to amend under Georgia's notice pleading rules, and the magistrate judge's recommendation otherwise displayed bias and prejudice against Thomas; and (5) her case should be stayed pending resolution of criminal proceedings against Sheriff Hill.

The district court adopted the final report and recommendation, overruled Thomas's objections, and dismissed her complaint. In doing so, the district court pointed out that Thomas could not retroactively object to the magistrate judge's original, non-final report and recommendation. The district court also noted that we have consistently held that Georgia counties lack authority over sheriffs' offices and personnel—so Thomas's W2s were insufficient to show the board was her employer. The district court clarified that the magistrate judge never found that Sheriff Hill wasn't Thomas's employer—only that he wasn't an "employer" under the Age Discrimination in Employment Act in his individual capacity and was immune from suit in his official capacity. And the district court concluded that amendment would be futile where neither defendant was subject to liability in federal court for Thomas's Age Discrimination in Employment Act claims. Finally, the district court declined to stay Thomas's case pending resolution of unrelated criminal charges against Sheriff Hill.

This is Thomas's appeal.

## STANDARD OF REVIEW

Ordinarily, we review de novo a district court's order dismissing claims sua sponte under section 1915(e)(2)(B)(ii) for failure to state a claim. *Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003). The same is true for a district court's order granting a motion to dismiss for failure to state a claim. *Roy v. Ivy*, 53 F.4th 1338, 1351 (11th Cir. 2022).

But a party who "fail[s] to object to a magistrate judge's findings or recommendations contained in a report"—and who "was informed of the time period for objecting and the consequences on appeal for failing to object"—forfeits the right to challenge a district court order "based on [the] unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *Roy*, 53 F.4th at 1352 (applying rule 3-1 to pro se plaintiff); *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1257 (11th Cir. 2017) (same), *abrogated on other grounds by Bostock v. Clayton Cnty.*, 140 S. Ct. 1731 (2020). We may, however, review a forfeited objection for plain error "if necessary in the interests of justice." R. 3-1. "Under the civil plain error standard, we will consider an issue not raised in the district court if it involves a pure question of law, and if refusal to consider it would result in a miscarriage of justice." *Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338, 1352 (11th Cir. 2017) (cleaned up).

"To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect."

22-10762              Opinion of the Court                  9

*Sapuppo v. Allstate Floridian Ins.*, 739 F.3d 678, 680 (11th Cir. 2014).  So, "[w]hen an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Id.*; *see also United States v. Maher*, 955 F.3d 880, 885 (11th Cir. 2020) (applying principle to pro se litigant).

## DISCUSSION

Reading Thomas's initial brief liberally, *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (citation omitted), we discern five arguments.[2]  We first address two arguments she forfeited by failing to object to the magistrate judge's reports.  We then address Thomas's other three arguments, which she preserved by objecting to the magistrate judge's final report and recommendation.

### A.    Thomas's forfeited arguments

First, Thomas challenges the magistrate judge's section 1915 review of her complaint for frivolity or failure to state a claim.  She argues the district court abused its discretion when it let the magistrate judge "act as co-counsel" for the defendants by initiating

---

[2]  We decline to address the issues—Sheriff Hill's Eleventh Amendment immunity in his official capacity, the merits of Thomas's section 1983 claim, and the district court's decision not to stay the case pending resolution of criminal proceedings against Sheriff Hill—Thomas addressed only in her reply brief. *See Timson*, 518 F.3d at 874 ("[W]e do not address arguments raised for the first time in a *pro se* litigant's reply brief.") (citation omitted)).

scrutiny of Thomas's complaint and recommending dismissal of most of her claims.  Thomas argues this was especially improper—violating Federal Rule of Civil Procedure 72(b), 28 U.S.C. section 636(b)(1)(B), and her equal protection and due process rights—because the magistrate judge did so without any factfinding, contradictory evidence from the defendants, or a motion to dismiss.[3]  Second, and similarly, Thomas argues the district court erred in adopting the magistrate judge's final report, which recommended dismissal of Thomas's complaint even though the defendants filed no evidence to support their motion to dismiss and the magistrate judge didn't hold a factfinding hearing—in violation of rule 72(b) and Thomas's equal protection and due process rights.

Unfortunately for Thomas, she raised neither of these arguments below and so has forfeited anything but plain error review. *See* R. 3-1.  And although she makes no argument on appeal that plain error review is necessary in the interests of justice, we note that the district court did not err—let alone in a way that resulted in a miscarriage of justice. *See Burch*, 861 F.3d at 1352.  With respect to the section 1915 review, the district court (and magistrate judge) did exactly what the statute authorizes:  screen Thomas's in forma pauperis complaint and then dismiss the claims it

---

[3]  Thomas also says the magistrate judge's non-final report and recommendation called for dismissal of her claims "without permitting [her] to object."  But the magistrate judge's report was served on Thomas with a notice of her right to file objections within fourteen days.

determined Thomas had failed to adequately plead. *See* § 1915(e)(2)(B); *Bilal v. Driver*, 251 F.3d 1346, 1348 (11th Cir. 2001) (noting dismissal under section 1915 "is now mandatory" once district court determines complaint fails to state a claim).

And Thomas's evidentiary arguments misunderstand the procedures applicable at the pleading (as opposed to summary judgment) stage. District courts generally aren't permitted to consider materials beyond the complaint when ruling on a rule 12(b)(6) motion to dismiss, *see, e.g.*, *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005)—and "[w]e apply the standards of [r]ule 12(b)(6) in reviewing dismissals under [section] 1915(e)(2)(B)(ii)," *Henley v. Payne*, 945 F.3d 1320, 1331 (11th Cir. 2019) (citation omitted). Nothing in rule 72(b) or section 636 requires otherwise; the former merely requires that any evidentiary proceeding a magistrate judge holds be on the record, *see* Fed. R. Civ. P. 72(b)(1), and the latter grants the district court discretion to refer motions, *see* § 636(b)(1)(B). We thus conclude that the magistrate judge's failure to require or receive evidence did not violate rule 72(b), section 636, or Thomas's constitutional rights.

### B.      *Thomas's preserved arguments*

Turning to the arguments Thomas preserved for appeal, Thomas argues, third, that the magistrate judge—who was "completely biased from the very beginning"—erred by "refus[ing] to treat" Thomas's allegations as true as required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Thomas says the magistrate judge failed to give

credence to her allegations or the documents attached to her complaint, thus violating her equal protection rights.

Thomas doesn't specify which facts or attachments the magistrate judge failed to take as true. But the district court was only required to treat well-pleaded facts as true—not Thomas's "naked assertions" or legal conclusions. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678–79. The final report and recommendation did just that, taking as true Thomas's core allegations that (1) despite her seniority, Thomas was reassigned to the night shift at the behest of Sheriff Hill rather than being allowed to bid for her preferred shift like younger, less senior clerks; and (2) when Thomas complained about this differential treatment, first to the board and then to the EEOC, she was harassed and then ultimately fired and banned from county buildings. We therefore find no support for Thomas's contention that the magistrate judge "refused to treat" Thomas's asserted facts as true.

Fourth, Thomas argues the district court erred in adopting the magistrate judge's "false narrative" that the board wasn't Thomas's employer—when her W2s "clearly state[]" the opposite—and that Sheriff Hill couldn't be sued in his individual capacity.[4] But the district court approved and adopted the magistrate

---

[4] Thomas also says the district court erred "by agreeing with the magistrate judge[] . . . that Clayton County was not capable of being sued." But the magistrate judge expressly declined to reach the defendants' argument that the board wasn't an entity capable of being sued. And Thomas argues the district court erred by finding that she "was not employed by any of the defendants."

judge's final report and recommendation in full—meaning that, in addition to those reasons for dismissing Thomas's claims, the district court also adopted the alternative conclusion that Thomas failed to state claims for either discrimination (because she didn't adequately plead an adverse employment action) or retaliation (because she didn't plead facts showing causation). Thomas doesn't argue that the district court erred in dismissing her claims on these alternative grounds. Because Thomas doesn't challenge each of the multiple, independent grounds upon which the district court based its judgment, the district court's order is due to be affirmed. *See Sapuppo*, 739 F.3d at 680; *Maher*, 955 F.3d at 885.

Finally, Thomas says, in passing, that her complaint satisfied notice pleading. As best we can tell, Thomas is hearkening back to an argument she made in her objection to the magistrate judge's final report and recommendation: the district court shouldn't deny leave to amend because her complaint satisfied Georgia's notice pleading requirements. But federal courts are governed by federal—not state—procedural law. *See, e.g.*, *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 427 (1996). And federal law requires not just notice pleading but that Thomas allege "enough facts to state a claim to relief that is plausible on its face." *See Holland v.*

But that's not what either the magistrate judge or the district court concluded; both found the *board* wasn't Thomas's employer but concluded that Sheriff Hill wasn't liable under the Age Discrimination in Employment Act for other reasons (namely, that the Act doesn't permit individual-capacity claims and that he was immune from suit in federal court in his official capacity).

14                    Opinion of the Court                    22-10762

*Carnival Corp.*, 50 F.4th 1088, 1093 (11th Cir. 2022) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The district court didn't err by not granting leave to amend based on Georgia's notice pleading standard.

**AFFIRMED.**