[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13806

Non-Argument Calendar

_____

MARILYN PATTON,
a Citizen and Resident of Oklahoma,

Plaintiff-Appellant,

*versus*

CARNIVAL CORPORATION,
a Panamanian Corporation
d.b.a. Carnival Cruise Lines,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cv-21158-RNS

_____

Before GRANT, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Marilyn Patton appeals the district court's dismissal of her complaint against Carnival Corporation for injuries sustained after she tripped and fell on one of Carnival's cruise ships. We affirm.

## I.[1]

Ms. Patton went on a vacation on a Carnival cruise ship. The ship docked in Key West. At around 9:00 a.m., Ms. Patton was wearing sandals and walking in a highly trafficked hallway towards the ship's elevators on her way to an offshore excursion. She tripped and fell, tearing her rotator cuff.

Ms. Patton tripped on a "metal threshold" that extended across the hallway. The threshold had been "improperly affixed and not adequately secured to the floor," causing it to protrude about a half inch too high and "leaving a gap that posed a tripping

---

[1] Because this case comes to us on a motion to dismiss, we accept the complaint's factual allegations as true and construe them in the light most favorable to Ms. Patton. *See Holland v. Carnival Corp.*, 50 F.4th 1088, 1091 n.1 (11th Cir. 2022).

hazard." Ms. Patton attached two photographs to her complaint showing "the threshold as it existed at or shortly after" she fell:[2]




Ms. Patton sued Carnival for negligent failure to correct a known dangerous condition, negligent failure to warn, and negligent maintenance. The complaint alleged that Carnival "knew or should have known that the metal threshold on which [Ms. Patton]

---

[2] "[D]ocuments attached to a complaint . . . can generally be considered by a federal court in ruling on a motion to dismiss under Rule 12(b)(6)." *Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014).

tripped posed a tripping hazard for passengers walking over it due to its condition and the length of time the protruding metal condition had existed." The attached photographs, the complaint continued, "constitute[d] circumstantial evidence that the condition of the threshold had developed due to wear over a period of time" and should've been flagged by Carnival's housekeeping crew, who cleaned the floors in that area every day. Ms. Patton also attached Carnival safety documents to her complaint, which showed that the company was aware thresholds posed trip and fall risks.

Carnival moved to dismiss the complaint for failure to state a claim, arguing that Ms. Patton had failed to allege it was on notice that the threshold posed any danger. The district court granted the motion for three reasons. First, because the photos showed the condition of the threshold "at *or shortly after*" the moment when she tripped, they did not plausibly show that Carnival had *prior* notice that the threshold was dangerous. Second, the complaint did not allege "how or why" the ship's cleaning staff would've recognized the danger of a "metal threshold that was uneven with the floor by inches, if not less." And third, the Carnival safety documents didn't put the company on notice because, although they "vaguely reference[d] potential dangers related to 'thresholds,'" they didn't specifically "reference any danger related to metal thresholds that were not flush to the ground." Ms. Patton timely appealed.

## II.

"We review *de novo* the district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim . . . ." *Holland*,

50 F.4th at 1093 (quotation omitted).  To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible," not speculative.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  "Factual allegations that are 'merely consistent with a defendant's liability' fall short of being facially plausible."  *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  And we "may infer from the factual allegations in the complaint obvious alternative explanations, which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer."  *Doe v. Samford Univ.*, 29 F.4th 675, 686 (11th Cir. 2022) (quotation omitted).  While we accept the complaint's factual allegations as true, we're "not required to credit conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts."  *Warren Tech., Inc. v. UL LLC*, 962 F.3d 1324, 1328 (11th Cir. 2020) (quotation omitted).

## III.

To state a maritime negligence claim,[3] a plaintiff must first allege that "the defendant had a duty to protect the plaintiff from a particular injury."  *Holland*, 50 F.4th at 1094 (quotation omitted).

---

[3] Maritime law governs this case, even though the Carnival ship was docked in Key West when Ms. Patton was injured.  *See Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 626–28 (1959) (holding that maritime law applied to a trip and fall that occurred on a boat "berthed at a pier"); *Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 901–02 (11th Cir. 2004) (holding that maritime law governed a sexual assault claim, even though the assault occurred while the ship was docked).

For that duty to attach, the shipowner must "have had actual or constructive notice of a risk-creating condition." *Id.* (cleaned up). A shipowner has constructive notice when it "ought to have known" of the dangerous condition. *Id.* at 1095. Generally, the plaintiff can allege constructive notice in one of two ways: (1) that the "defective condition existed for a sufficient period of time to invite corrective measures"; or (2) that "substantially similar incidents" had been caused by substantially similar conditions. *Id.* (cleaned up).

Ms. Patton focuses her appeal on the first way of alleging constructive notice,[4] arguing that the metal threshold was raised from the floor for a "sufficient period of time to invite corrective measures." *Holland*, 50 F.4th at 1094 (quotation omitted). Her argument falls short for the same reason it did in *Holland*.

There, the plaintiff was walking down a glass staircase on a Carnival cruise ship "when he slipped on a wet or slippery transient foreign substance." *Id.* at 1091 (quotation omitted). We affirmed the district court's dismissal because the plaintiff hadn't plausibly alleged that Carnival should've known that the substance had been on the stairs. *Id.* at 1095–97. We explained that the plaintiff's complaint lacked "any allegation as to how long the [substance] existed on the glass staircase" and didn't otherwise "describe th[e]

---

[4] Ms. Patton raises the second way to allege constructive notice for the first time in her reply brief, but "arguments raised for the first time in a reply brief are not properly before a reviewing court." *Raheem v. GDCP Warden*, 995 F.3d 895, 919 n.6 (11th Cir. 2021) (quotation omitted).

substance in a way that would suggest it existed on the staircase for a sufficient period of time such that Carnival should have been aware of it." *Id.* at 1096 (quotation omitted); *see also Newbauer v. Carnival Corp.*, 26 F.4th 931, 935 (11th Cir. 2022) ("[W]hile [the plaintiff] alleged in her complaint that the substance 'had existed for a sufficient period of time before [her] fall' . . . she failed to allege any facts in support of th[at] conclusory allegation.").

Here, too, Ms. Patton hasn't plausibly alleged that the dangerous condition existed for a "sufficient length of time" to impute notice to Carnival because the complaint lacks any plausible "allegation as to how long" the dangerous condition existed. *See Holland*, 50 F.4th at 1096. Likewise, she hasn't plausibly described the dangerous condition "in a way that would suggest" it had been there "for a sufficient period of time." *See id.* The photographs don't help her because, as the district court explained, Ms. Patton "does not even attempt to plead that the photographs . . . represent the state of the metal threshold before the time of the incident."

Ms. Patton raises two counterarguments. First, she contends that, although the photos attached to the complaint were taken "at or shortly after" she fell, the "reasonable inference[]" to draw is that "the dangerous condition of the threshold was due to wear and developed over a considerable time, much more than just a few minutes, hours or even days." But there's not enough in the complaint or the attachments for us to conclude that this inference is reasonable and not an unwarranted deduction. *See Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) ("In evaluating

the sufficiency of a plaintiff's pleadings, we make reasonable inferences in [p]laintiff's favor, but we are not required to draw plaintiff's inference. Similarly, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." (cleaned up)). Ms. Patton never explains (and it's not self-evident) *what* in the photos or complaint shows that it's a reasonable inference that the gap beneath the metal threshold emerged gradually over the course of days due to wear and tear.

Second, Ms. Patton argues that her complaint should survive Carnival's dismissal motion because the relevant evidence is "wholly under the control of the cruise line," and, at the pleading stage, all she "can reasonably know about the cause" of her injury is whatever observations she could make "at or shortly after" it happened. But Ms. Patton misunderstands her pleading burden. She is not required, at the pleading stage, to *know* that Carnival had constructive knowledge of the threshold's dangerous condition. She only needed to *allege* plausible facts that Carnival had constructive notice of the dangerous condition. So long as she had a good-faith basis, she could've made these allegations even though she did not have access yet to evidence supporting them. *See* Fed. R. Civ. P. 11(b)(3) (allowing pleaders to make factual allegations that they believe "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery"). But, because the complaint doesn't allege plausible facts that Carnival had constructive notice of the raised threshold, we must affirm the dismissal of her complaint.

22-13806                Opinion of the Court                9

**AFFIRMED.**