**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-13407

Non-Argument Calendar

————————————

MIKALA PEARSON,

*Plaintiff-Appellant,*

*versus*

FEDSYNC,

*Defendant-Appellee.*

————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 5:24-cv-00760-MHH

————————————

Before JORDAN, KIDD, and BLACK, Circuit Judges.

PER CURIAM:

Mikala Pearson, proceeding *pro se*, appeals the district court's September 2, 2025, order dismissing her amended complaint without prejudice.  Pearson's amended complaint asserted

claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2 and 2000e-3, based on her termination by her former employer, Federal Integrated Systems Corporation ("FedSync"). The district court dismissed Pearson's amended complaint under Fed. R. Civ. P. 12(b)(6) because Pearson failed to allege that the claimed discrimination and retaliation were connected to a characteristic protected under Title VII. After review,[1] we affirm.

Pearson argues on appeal that the district court erred by dismissing her amended complaint as a sanction for her improper reference to confidential settlement negotiations in her response to FedSync's motion to dismiss. She asserts that the district court should not have dismissed her case as a sanction without reviewing the merits of her Title VII claims.

Pearson is incorrect because the district court dismissed her amended complaint based on the merits of her Title VII claims, not as a sanction. The only action the district court took to remedy Pearson's reference to the settlement negotiations was to seal her response brief. Additionally, the district court did not err in dismissing Pearson's Title VII claims on the merits.

---

[1] "We review *de novo* the district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting the complaint's allegations as true and construing them in the light most favorable to the plaintiff." *Holland v. Carnival Corp.*, 50 F.4th 1088, 1093 (11th Cir. 2022) (quoting *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012)).

Title VII prohibits an employer from discriminating against an employee "because of [her] race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII also prohibits an employer from retaliating against an employee because the employee either (1) "opposed any practice made an unlawful employment practice by" Title VII or (2) "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under" Title VII. *Id*. § 2000e-3(a).

To survive summary judgment, a Title VII plaintiff must initially provide evidence establishing a *prima facie* case of discrimination or retaliation under a burden-shifting framework. *See Lewis v. City of Union City*, 918 F.3d 1213, 1220-21 (11th Cir. 2019) (en banc); *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001). However, to survive a motion to dismiss, a Title VII plaintiff's complaint "need not contain specific facts establishing a *prima facie* case . . . but rather need only lay out a short statement of the claim showing that the pleader is entitled to relief." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1270 (11th Cir. 2004). That is because the *prima facie* case "is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002). Thus, to state a Title VII claim for discrimination, "a complaint need only provide enough factual matter (taken as true) to suggest intentional . . . discrimination" based on a protected characteristic. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (quotation marks omitted); *see also Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016) (stating in Fair Housing Act case that "the allegations in the complaint should be

judged by the statutory elements . . . rather than the structure of the prima facie case" (quotation marks omitted)).

In this case, Pearson failed to allege sufficient facts that, when accepted as true, plausibly state a claim for relief under Title VII. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (quotation marks omitted)).  As to her discrimination claim, Pearson failed to allege in either her initial or amended complaint that FedSync took any adverse action against her "because of [her] race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  Without any allegations that FedSync took any adverse action against her because of a characteristic protected by Title VII, Pearson cannot state a Title VII discrimination claim.

The district court explained this requirement to Pearson during a telephone conference and provided her with an opportunity to amend her complaint to remedy the deficiency, but Pearson not only did not include the necessary allegations to state a claim in her amended complaint, but doubled down in her mistake. In her amended complaint, Pearson alleged that she could succeed in her Title VII discrimination claim "despite the lack of specific protected categories involved in my situation," but that is incorrect based on the plain language of the statute.  For that reason, Pearson failed to state a claim of Title VII discrimination.

As to her retaliation claim, Pearson did not sufficiently allege that FedSync took any adverse action against her because she engaged in activity protected by Title VII. The protected activity Pearson alleged she engaged in was reporting discrimination committed against her, which she conceded was not because of a protected characteristic. Specifically, Pearson alleged she filed a complaint with the Alabama Attorney General's Office and announced her intent to file a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). Pearson did not actually file an EEOC charge until after FedSync terminated her.

Pearson failed to allege that FedSync retaliated against her because she "opposed any practice made an unlawful employment practice by" Title VII. 42 U.S.C. § 2000e-3(a). To satisfy the "opposition clause," a plaintiff must have opposed a Title VII violation committed by her employer. *Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 959-60 (11th Cir. 1997). The plaintiff does not need to show that her employer actually violated Title VII; she only needs to show that she "had a good faith, reasonable belief that the employer was engaged in unlawful employment practices." *Id.* at 960. To establish "good faith, reasonable belief," a plaintiff must show both that she subjectively believed that her employer violated Title VII and that her belief was objectively reasonable. *Id.*

Even if Pearson subjectively believed that FedSync violated Title VII by discriminating against her, she failed to plausibly allege that her belief was objectively reasonable. The problem is that, as

we explained above, Pearson did not allege that FedSync took any adverse action against her "because of [her] race, color, religion, sex, or national origin," and she in fact conceded the opposite in her amended complaint. 42 U.S.C. § 2000e-2(a)(1). Without any such allegation, Pearson did not plausibly allege that her belief that FedSync discriminated against her in violation of Title VII was objectively reasonable. *See Coutu v. Martin Cnty. Bd. of Cnty. Comm'rs*, 47 F.3d 1068, 1074 (11th Cir. 1995) (affirming grant of directed verdict to defendant as to plaintiff's Title VII retaliation claim based on plaintiff's filing of a grievance that did not allege discrimination relating to a protected characteristic because "[u]nfair treatment, absent discrimination based on race, sex, or national origin, is *not* an unlawful employment practice under Title VII").

Additionally, Pearson failed to allege that FedSync retaliated against her because she "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under" Title VII. *Id.* § 2000e-3(a). That is because she did not file her EEOC charge until after she was terminated, and an employer's action cannot be unlawfully retaliatory under the "participation clause" if it was committed before the plaintiff actually filed an EEOC charge. *See E.E.O.C. v. Total Sys. Servs., Inc.*, 221 F.3d 1171, 1174 & n.2 (11th Cir. 2000) ("[The participation] clause protects proceedings and activities which occur *in conjunction with or after* the filing of a formal charge with the EEOC . . . . So, at a minimum, some employee must file a charge with the EEOC (or its designated

25-13407            Opinion of the Court            7

representative) or otherwise instigate proceedings under the statute for the conduct to come under the participation clause." (emphasis added)).

Pearson also cannot rely on her filing of an EEOC charge after her termination for her retaliation claim because, to succeed on a retaliation claim, "a plaintiff must generally establish that the employer was actually aware of the protected expression at the time it took adverse employment action." *Goldsmith v. City of Atmore*, 996 F.2d 1155, 1163 (11th Cir. 1993). FedSync could not have known of Pearson's EEOC charge when it fired her because Pearson had not filed the charge at that time.

For all of the above reasons, the district court did not err by dismissing Pearson's amended complaint without prejudice.

**AFFIRMED.**